RECORD NO. 13-4558

In The
# United States Court of Appeals
For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**KENTRAL DONVRUS CHESTNUT, a/k/a Trell,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AT FLORENCE**

───────

**BRIEF OF APPELLANT**

───────

Tristan M. Shaffer
TRISTAN SHAFFER, ATTORNEY AT LAW
Post Office Box 176
Chapin, South Carolina  29036
(803) 575-0384

*Counsel for Appellant*

THE LEX GROUP ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# Table of Contents

                                                            **Page**

Table of Authorities ........................................................................................ ii

Jurisdictional Statement ...................................................................................1

Statement of Issue ............................................................................................1

Statement of the Case .......................................................................................1

Statement of Facts ............................................................................................3

Summary of Argument .....................................................................................4

Standard of Review ..........................................................................................5

Argument ..........................................................................................................5

      I.     Where Appellant suffered from a long history of childhood abuse but managed to become a loving and supporting father of ten children, the District Court erred in not considering these facts as a basis for a variance ...............................................................5

Conclusion .......................................................................................................7

Certificate of Compliance

Certificate of Filing and Service

## Table of Authorities

**Page(s)**

**Cases**

*Anders v. California*,
    386 U.S. 738, 87 S. Ct. 1396 (1967) ......................................................................2, 7

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586 (2007) ................................................................................5

*Irizarry v. United States*,
    553 U.S. 708, 128 S. Ct. 2198 (2008) ............................................................................6

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ..........................................................................................5

*United States v. Diosdado-Star*,
    630 F.3d 359 (4th Cir. 2011) ..........................................................................................5

*United States v. Green*,
    436 F.3d 449 (4th Cir. 2006) ..........................................................................................5

*United States v. Harvey*,
    532 F.3d 326 (4th Cir. 2008) ..........................................................................................5

*United States v. Rybicki*,
    96 F.3d 754 (4th Cir. 1996) ............................................................................................6

*United States v. Withers*,
    100 F.3d 1142 (4th Cir. 1996) ........................................................................................6

**Statutes**

18 U.S.C. § 3231 ..................................................................................................................1

18 U.S.C. § 3553(a) .........................................................................................................5, 6

18 U.S.C. § 3553(a)(1) ........................................................................................................4

18 U.S.C. § 3742 ...................................................................................................... 1

21 U.S.C. § 841(a)(1) ............................................................................................... 1

21 U.S.C. § 841(b)(1)(A) ......................................................................................... 1

21 U.S.C. § 846 ........................................................................................................ 1

28 U.S.C. § 1291 ...................................................................................................... 1

**Jurisdictional Statement**

Pursuant to 18 U.S.C. § 3231, the Federal District of South Carolina had jurisdiction over this federal criminal action brought under 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A). Appellant entered into a guilty plea on November 28, 2012. On May 17, 2013, the district court entered a final order concerning sentencing. On July 26, 2013, Appellant filed a notice of appeal. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**Statement of Issue**

I. Where Appellant suffered from a long history of childhood abuse but managed to become a loving and supporting father of ten children, did the District Court err in not considering these facts as a basis for a variance?

**Statement of the Case**

On July 24, 2013, Appellant was indicted for violations of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(A). Appellant entered into a plea agreement for these charges on November 25, 2013, and on November 28, 2012, Appellant pled guilty.

According to the presentencing report prepared on February 18, 2013, Appellant had a criminal history category of V. The PSR indicates that the total

offense level of 39. According to the PSR Appellant's guideline sentencing range was 360 months to Life.  PSR 29

A sentencing hearing was convened on May 15, 2013 before the Honorable Terry L. Wooten.  Appellant was represented by Charles T. Brooks.  The Government was represented by Assistant United States Attorney Alfred William Walker Bethea.

The Government moved for a downward departure based on Appellant's cooperation and assistance.  The District Court granted the Government's motion and departed five levels. Sen. Tr, 11. 11-13.  With the Departure considered, total offense level was 32 and the sentencing guideline range was between 188 and 235 months.

Appellant also orally moved for a variance.  Sen. Tr. 12, ll. 21-22. Appellant's Counsel argued that Appellant was a young man that was heavily involved in his children's lives and that the guideline range was too high even with the departure.  Sen. Tr. 12, 21-25.  The District Court denied Appellants motion noting that there was not any basis for a variance.  Sen. Tr. 20, l. 20 – 21, l. 1.

Appellant was sentenced to 192 months imprisonment and five years of supervised release. Sen. Tr. 19, ll. 16-22.  This appeal, pursuant to *Anders v. California*, 386 U.S. 738 (1967), follows.

2

**Statement of Facts**

Appellant was born to a disadvantaged household. PSR 26. He was one of five children. His mother was never married his father; who left when Appellant was four. At the age of eight his mother married Tyrone Wilson. Wilson is currently incarcerated for stabbing Appellant's mother. PSR 26. In addition, to abusing Appellant's mother, Wilson was also abusive toward Appellant and his siblings. PSR 26.

From age eleven, Appellant began receiving therapy for emotional problems that arouse from Wilson's abuse. PSR 27. At age thirteen Appellant left therapy. At thirteen, Chestnut also began smoking marijuana daily. He became marijuana dependent. PSR. 28. By age twenty, marijuana gave way to abusing prescription medications. PSR. 28.

Around the same time, Appellant began selling crack cocaine. PSR 11. Appellant was involved in the illegal drug trade from approximately 2002 until his arrest in 2012. According to the PSR, over that ten year period, Appellant was responsible for approximately 3.65 kg of crack cocaine and 5 kilograms of powder cocaine. PSR 11.

After his arrest, Appellant did everything he could to assist law enforcement. Sen. Tr. 10, ll. 13-21-25. He gave a full statement to law enforcement concerning his criminal involvement. He also gave assistance in other cases. Appellant's

3

cooperation was awarded with a five level decrease based on his substantial assistance. Sen. Tr. 11, ll. 7-13.

However, during sentencing Appellant's Counsel still thought that the sentencing range was too harsh. Sen. Tr. 12, ll. 21-25. Appellant orally moved for a variance. Appellant's Counsel argued that Appellant was a young man that was heavily involved in the lives of his ten children. His mother talked about how Appellant was a loving father of ten children. Sen. Tr. 14, ll. 19-24. Appellant's mother even stated that his desire to provide for his children led him to sell drugs. Sen. Tr. 14, ll. 20-22. Moreover, the District Court was aware of his history of being abused but found that it was not an excuse. Sen. Tr. 18, ll. 1-4. The District Court denied Appellants motion noting that there was not any basis for a variance. Sen. Tr. 20, l. 20 – 21, l. 1.

**Summary of Argument**

Despite a history of childhood abuse, Appellant became a loving, devoted and supportive father of ten children. These facts are appropriate to be considered in determining a sentence under 18 U.S.C. § 3553(a)(1). The District Court erred in finding that these facts did not establish a basis for granting a Appellant's motion for a variance.

4

**Standard of Review**

Generally, sentencing decisions are reviewed under a deferential abuse-of-discretion standard of review. *See United States v. Diosdado-Star*, 630 F.3d 359, 366 (4th Cir. 2011). However, the first step in that review is to "ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 594 (2007). In applying the deferential abuse-of-discretion standard of review, the court should review a district court's legal conclusions *de novo*. *See United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008).

**Argument**

    **I.    Where Appellant suffered from a long history of childhood abuse but managed to become a loving and supporting father of ten children, the District Court erred in not considering these facts as a basis for a variance.**

In determining a sentence, the courts must consider the "history and characteristics of the defendant." 18 U.S.C. § 3553(a). The courts must consider all the factors in § 3553(a). *See United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006) ("[D]istrict courts must still follow the commands of 18 U.S.C. § 3553(a)"). The failure to consider the factors listed in § 3553(a) renders a sentence procedurally unreasonable. *See United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009).

5

The District Court erred in finding that Appellant's history of being abused and his family responsibilities were not a basis for a variance. A district court must look at the "history and characteristics of the defendant." Included in that history is Appellant's ability to rise from a very bad family situation to being a loving a devoted father. Under the sentencing guidelines, Appellants family responsibilities and history of being abused likely would not provide the basis for a departure. *See United States v. Rybicki*, 96 F.3d 754, 759 (4th Cir. 1996) (holding that the district court abused its discretion in giving a defendant a downward departure based on his family ties.); *see also*, *United States v. Withers*, 100 F.3d 1142, 1147-48 (4th Cir. 1996) (reversing a departure based on emotional problems). However, these facts would be properly considered as grounds for a variance. *See Irizarry v. United States*, 553 U.S. 708, 715, 128 S. Ct. 2198 (2008) (noting a variance is based on factors considered in § 3553(a)).

The District Court failed to address Defendant's family responsibilities in sentencing. Moreover, the District Court dismissed the past victimization as not an excuse for his criminal conduct. Sen. Tr. 18, ll. 1-6. The failure to address these factors in its § 3553(a) determination, renders Appellant's sentence procedurally unreasonable.

**Conclusion**

Based upon the aforementioned reasons, Appellant respectfully request, pursuant to *Anders*, that this Court vacate Appellant's sentence and remanded for resentencing.

Respectfully submitted,

/s/ Tristan M. Shaffer
Tristan M. Shaffer
TRISTAN SHAFFER, ATTORNEY AT LAW
Post Office Box 176
Chapin, South Carolina  29036
(803) 575-0384

**Certificate of Compliance**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,292*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: <u>December 23, 2013</u>                    <u>/s/ Tristan M. Shaffer     </u>
                                                   *Counsel for Appellant*

## Certificate of Filing and Service

I hereby certify that on this 23rd day of December, 2013, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

>  Alfred W. W. Bethea, Jr.
>  OFFICE OF THE U.S. ATTORNEY
>  Post Office Box 1567
>  Florence, South Carolina  29501
>  (843) 665-6688
>
>  *Counsel for Appellee*

I further certify that on this 23rd day of December, 2013, I caused the required copies of the Brief of Appellant to be hand filed with the Clerk of the Court and a copy of the Brief of Appellant to be served, via U.S. Mail, postage pre-paid, to the Appellant:

>  Kentral Chestnut #24410-171
>  Bennettsville FCI
>  696 Muckermand Road
>  Bennettsville, South Carolina  29512

/s/ Tristan M. Shaffer
*Counsel for Appellant*